IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ENOS CURRY, JR.,                          )
                                          )
       Plaintiff,                     )
                                          )
    v.                                    )     CIVIL ACTION NO. 5:12-CV-462 (MTT)
                                          )
Sheriff JERRY MODENA and Chief            )
Deputy RUSSELL NELSON,                    )
                                          )
       Defendants.                    )
_____  )

## ORDER

      This matter is before the Court on the Defendants' Motion to Dismiss (Doc. 11) pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6) for insufficient service of process and failure to state a claim and the Defendants' Motion to Stay Discovery (Doc. 12).  The Plaintiff did not file a response to the Defendants' Motions.  For the following reasons, the Motion to Dismiss is **GRANTED** and the Motion to Stay Discovery is **DENIED as moot**.

      The Defendants argue that the Plaintiff's case should be dismissed because he failed to serve them within 120 days from the filing of his Amended Complaint and that Plaintiff has failed to show good cause for extending the period of time for service.  The Plaintiff filed his Complaint on November 21, 2012, and his Amended Complaint on November 29, 2012.  On April 11, 2013, the Court ordered the Plaintiff to show cause why his case should not be dismissed pursuant to Rule 4(m) for failure to serve the Defendants within 120 days from the filing of his Amended Complaint.  (Doc. 7).  The

Plaintiff then personally served the Defendants on April 19 (Docs. 8, 9) and filed his Response to the Court's show cause order on April 24 (Doc. 10).

In that Response, the Plaintiff alleges that he attempted to serve the Defendants by certified mail, but the mail and postal receipt were not returned to his attorney's office.  The Defendants claim that the Plaintiff's attempt to effect service through the mail occurred in January 2013,[1] and the Plaintiff did not request a waiver of service nor enclose a waiver of service form with the package.  Mailing a complaint and summons through certified or regular mail is not a proper method of service under Fed. R. Civ. P. 4(e).[2]  Even if a waiver of service form is enclosed with the summons and complaint, the plaintiff must ensure the waiver is signed and filed or personally serve the defendant if the defendant fails to respond to service by mail.  *See Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (citations omitted).

Here, the Plaintiff did not personally serve the Defendants until April 19, 2013, after the time for service had expired.  The Plaintiff alleges that his attorney had to search for a local private process server who did not have a conflict of interest with the Defendants.  The Plaintiff does not state when this search occurred, explain why a professional process server was necessary or why the search for a process server

---

[1] The Defendants have attached a copy of the envelope containing the Complaint and summons that was mailed to Defendant Modena.  (Doc. 11-1 at 18).  The envelope, however, does not bear a postmark nor any indicia that the mail was certified.

[2] A plaintiff may also effect service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  Georgia law, however, does not permit service on an individual through certified or regular mail either.  O.C.G.A. § 9-11-4(e)(7).

without a conflict of interest caused service to occur outside the time for service, nor provide any other explanation as to why personal service was not promptly made.[3]

The Court must extend the time for service if the Plaintiff can show good cause for the failure to timely serve the Defendants.  Fed. R. Civ. P. 4(m).  "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'"  *Lepone-Dempsey*, 476 F.3d at 1281.  The Plaintiff has not presented evidence of any outside factor that delayed service, and the Court can only conclude from the Plaintiff's Response to its show cause order that negligence caused the delay.  Accordingly, the Court finds that the Plaintiff has not shown good cause exists for the failure to timely serve the Defendants.

Because the Plaintiff failed to timely serve the Defendants, the Court need not address the Defendants' remaining arguments regarding whether the Plaintiff has failed to state a claim or has brought suit against the proper parties.  For the foregoing reasons, the Defendants' Motion to Dismiss is **GRANTED**, and their Motion to Stay Discovery is **DENIED as moot**.  This case is **DISMISSED without prejudice**.

SO ORDERED, this 11th day of June, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] Rule 4, unlike O.C.G.A. § 9-11-4 which requires process servers, allows service by anyone over 17 years old and not a party.